THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ MELÉNDEZ VIRELLA, Defendant and Appellant.

No. 10050. Argued June 14, 1943.—Decided June 18, 1943.

*Alfonso Lastra Chárriez* for appellant.   *R. A. Gómez, Prosecuting Attorney (Fiscal),* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The *Fiscal* of the District of San Juan filed two informations against the appellant, charging him in the first with possession and control of a pistol, without having declared it in writing to the Chief of Police of Río Piedras; and in the second, with illegal carrying of the same weapon.

The defendant was convicted and sentenced to pay a fine of $50 for not having registered the pistol and to serve a month in jail for carrying it illegally. The defendant appealed from both judgments, and both appeals have been heard together.

The appellant alleges that the judgments appealed from are not justified by the evidence and are contrary to law; and that the district judge acted with prejudice and abused his discretion in weighing the evidence.

The evidence of the district attorney showed that the defendant and Acisclo Serrano, both employees of the Insular Insane Asylum, had a personal quarrel and got into a fist fight. The defendant thereupon drew a pistol. Other employees intervened to separate the two who were fighting, and one of the said employees, José Félix Freyre, disarmed the defendant, taking away his pistol, which was not loaded because it lacked the magazine. Another witness, Alejandro Abrahams, also an employee of the Insane Asylum, testified that while he was supervising one of the wards, he hurried to the scene of the events when he heard voices saying "come here, come here, there is a fight going on".and he was present when three employees were holding the defendant and taking a pistol away from him. The arm thus seized was delivered by Freyre to Mr. Romany, also employed in the Insane

Asylum, who delivered it to the police. The defense admitted for the record that the pistol was not registered.

The testimony of the defense, which was not believed by the lower court, tended to show that the pistol in question had been found among the dirty clothes of the patients of the Asylum by the employee Francisco Reyes; that the latter delivered the weapon to Supervisor Artemio Aponte who put it on top of a wardrobe. Aponte testified that he did not see who took the pistol at the time of the fight, but he knew that it was taken from the defendant in the corridor; that the defendant and Serrano at first fought without the pistol, which appeared later in the corridor, that when they began to fight in the office there was no weapon and they were engaged in fisticuffs, and that then he, Aponte, ordered them to get out of the office and go into the corridor.

In our opinion, the testimony for the government is sufficient to sustain the two judgments appealed from. From that proof, as well as the testimony of witness Aponte, it can be clearly seen that the defendant possessed and was carrying the weapon, not casually, as the defense alleges, but as owner. This is not a case in which the defendant, finding himself assaulted, grasps a weapon which he finds within his reach and defends himself with it. The defendant in the instant case began to fight with his adversary within the office of the Supervisor, both of them using their fists as the only means of defense. They were both thrown out of the office. The fight was continued in the corridor, and it was then and there that the defendant drew out and brandished the pistol that he was carrying on his person, without having inscribed it.

There was neither error nor prejudice in the weighing of the evidence. Both judgments must be affirmed.